# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMOL CHIN, | 1:12-cv-01816-AWI-BAM (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PAUL COPENHAVEN, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on November 6, 2012. In the United States District Court for the District of Maryland, Petitioner plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Petitioner was sentenced to 180 months in prison and is currently incarcerated at the United States Penitentiary in Atwater, California.

Petitioner's conviction was affirmed on appeal, and the United States Supreme Court denied Petitioner's petition for writ of certiorari. (Pet. at 2, 5.)

On August 13, 2009, Petitioner filed a motion to vacate, set aside, or correct the judgment pursuant to 28 U.S.C. § 2255, which was denied on January 6, 2010. Id. at 2. The Court of Appeal denied a certificate of appealability and dismissed the appeal. Id.

Petitioner subsequently filed a second and successive § 2255 motion which was also denied. Id.

DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964)

2

(a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000) (same); <u>Tripati v. Henman</u>, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir. 1956); <u>see</u> <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See <u>Felker v. Turpin</u>, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  See <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998) (failure to request the requisite authorization to file a second or successive § 2255 motion deprives the

1  district court of jurisdiction).

2  In the instant petition, Petitioner contends the sentencing court improperly enhanced his
3  sentence by finding that he suffered three prior serious and felonies under 18 U.S.C. §
4  924)2)(A)(ii).  Petitioner is challenging the validity of his sentence and not the execution of such
5  sentence.  Therefore, section 2255 is the appropriate remedy.  However, Petitioner makes no
6  showing that he was granted permission to file a successive § 2255 motion as the court of appeal
7  denied his request. Section 2241 "is not available under the inadequate-or-ineffective-remedy
8  escape hatch of [Section] 2255 merely because the court of appeals refuses to certify a second or
9  successive motion under the gatekeeping provisions of [Section] 2255." Lorentsen v. Hood, 223
10 F.3d at 953.  Further, the remedy under Section 2255 usually will not be deemed inadequate or
11 ineffective merely because a previous Section 2255 motion was denied, or because a remedy
12 under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth
13 Circuit is that "the ban on unauthorized second or successive petitions does not per se make a §
14 2255 'inadequate or ineffective.'").

15 Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings
16 clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence."
17 In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause
18 is tested by the standard articulated by the United States Supreme Court in Bousley v. United
19 States, 523 U.S. 614 (1998). Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).  In Bousley,
20 the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate
21 that, in light of all the evidence, it is more likely than not that no reasonable juror would have
22 convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted).  Petitioner bears
23 the burden of proof on this issue by a preponderance of the evidence, and he must show not just
24 that the evidence against him was weak, but that it was so weak that "no reasonable juror" would
25 have convicted him. Lorensten v. Hood, 223 F.3d at 954.

26 Petitioner does not assert that he is factually innocent of the crime for which he was
27 convicted.  Rather, he claims that, for sentencing purposes, he does not have the requisite
28 qualifying prior "violent felony" convictions and, thus, he is actually innocent of being

4

designated a "Career Offender" based on his conviction for being a felon in possession of a firearm and his prior convictions. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy v. Pontesso, 328 F.3d at 1060; Lorentsen v. Hood, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction").

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED; and
2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 10, 2012**            **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE